DOJ Tax Division 2025200779

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 8:25-cr-00186-DLB |
| | * | |
| KENDRA N. SCARBOROUGH, | * | (Aiding and Assisting the Preparation |
| | * | and Presentation of a False Return, |
| Defendant. | * | 26 U.S.C. § 7206(2); |
| | * | Theft of Government Funds, |
| | * | 18 U.S.C. § 641; Money Laundering, |
| | * | 18 U.S.C. § 1957; Forfeiture, |
| | * | 18 U.S.C. § 981(a)(1)(C), |
| | * | 18 U.S.C. § 982(a)(1), |
| | * | 21 U.S.C. § 853(p)), 28 U.S.C. |
| | * | § 2461(c)) |

*******

## INDICTMENT

The Grand Jury for the District of Maryland charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Introduction

1. Defendant **KENDRA N. SCARBOROUGH** ("SCARBOROUGH") resided in Prince George's County, Maryland.

2. The Internal Revenue Service ("IRS") was an agency in the U.S. Department of the Treasury responsible for administering the internal revenue laws of the United States and collecting taxes owed to the United States.

3. An IRS Form 1041, U.S. Income Tax Return for Estates and Trusts ("Form 1041") was filed by the fiduciary of a domestic decedent's estate, trust, or bankruptcy estate to report, among other things, the income, deductions, gains, and losses of the estate or

DOJ Tax Division 2025200779

trust; the income that is either accumulated or held for future distribution or distributed currently to the beneficiaries; and any income tax liability of the estate or trust.

4. An IRS Form 1099-A, Acquisition or Abandonment of Secured Property ("Form 1099-A") was filed by an individual or entity that loaned money in connection with a trade or business and that, in full or partial satisfaction of the debt, acquired an interest in property that was security for that debt or property that the lender had reason to know has been abandoned.

### The Fraudulent Tax Refund Scheme

5. In or about April 2018, **SCARBOROUGH** submitted to the IRS two applications to obtain Employer Identification Numbers ("EINs") for two purported trust entities: the Kendra Nicole Scarborough Trust and the Black Hawk Trust. On each of these applications, **SCARBOROUGH** listed herself as the beneficiary of the purported trusts.

6. Even though neither trust made any payment of federal taxes or had any federal taxes withheld from any income in any year, **SCARBOROUGH** filed and caused to be filed false Forms 1041 for each of the trusts which falsely reported, among other things, that each trust had received hundreds of thousands of dollars in income, that the trust had paid or that third parties had withheld hundreds of thousands of dollars of federal tax from this income, and that, as a result, the trust had overpaid its income taxes and was entitled to a refund.

Kendra Nicole Scarborough Trust

7. In or about December 2019, **SCARBOROUGH**, using an account created on a website that allows individuals to electronically file information returns such as Forms 1099, submitted and caused to be submitted to the IRS approximately six false Forms 1099-A. The Forms 1099-A listed the Kendra Nicole Scarborough Trust as the "payer" and falsely reported that various "recipients" had received funds from the trust totaling more than $500,000. In fact,

2

the listed "recipients" were entities with whom **SCARBOROUGH** personally had a financial relationship, such as her mortgage servicer and her employer.

8. On or about December 24, 2019, **SCARBOROUGH** filed and caused to be filed with the IRS a false Form 1041 for tax year 2018 in the name of Kendra Nicole Scarborough. This Form 1041 listed an EIN that was one digit off from the EIN for the Kendra Nicole Scarborough Trust. The Form 1041 falsely reported that the trust had taxable interest income of $565,636 and that substantial taxes had been withheld, resulting in an overpayment of taxes. Based on these false items, the Form 1041 fraudulently claimed a refund of $354,746.

9. On or about March 3, 2020, **SCARBOROUGH** filed and caused to be filed with the IRS a false Form 1041 for tax year 2018 in the name of the Kendra Nicole Scarborough Trust, which falsely reported that the trust had taxable interest income of $565,636 and that substantial taxes had been withheld, resulting in an overpayment of taxes. Based on these false items, the Form 1041 fraudulently claimed a refund of $354,746.

10. Because the 2018 Form 1041 for Kendra Nicole Scarborough Trust reported income and withholdings, but the trust had not actually paid any tax, the IRS assessed tax due plus civil penalties and interest against **SCARBOROUGH** as the trustee. On or about April 27, 2020, the IRS mailed a notice to **SCARBOROUGH**, informing her that based on the filed Form 1041, the trust owed a tax balance, and that interest and penalties would accrue if the tax balance was not immediately paid.

Black Hawk Trust

11. In or about February 2020, using an account created on a different website that allows individuals to electronically file information returns such as Forms 1099, **SCARBOROUGH** submitted and caused to be submitted to the IRS approximately fifteen false

3

DOJ Tax Division 2025200779

Forms 1099-A. The Forms 1099-A listed the Black Hawk Trust as a "payer" and reported "recipients" of funds from the trust totaling more than $1.4 million. In fact, the "recipients" reported on the Forms 1099-A were **SCARBOROUGH**'s personal creditors, such as her student loan servicer and credit card company

12. On or about March 5, 2020, **SCARBOROUGH** filed and caused to be filed with the IRS a false Form 1041 for tax year 2019 in the name of the Black Hawk Trust, which falsely reported that the trust had taxable interest income, and that substantial taxes had been withheld, resulting in an overpayment of taxes such that a refund should be issued. Based on these false items, the Form 1041 fraudulently claimed a refund of $412,187.

13. In or about May 2020, as a result of the false Form 1041 **SCARBOROUGH** filed on behalf of Black Hawk Trust, the IRS issued a U.S. Treasury refund check to Black Hawk Trust in the amount of $412,187. .

14. On the three false Forms 1041 that **SCARBOROUGH** filed and caused to be filed in the names of the two trusts, **SCARBOROUGH** fraudulently claimed a total of $1,121,679 in refunds.

## **SCARBOROUGH's Theft of Government Funds and Money Laundering Scheme**

15. In or about June 2020, after the IRS issued the U.S. Treasury refund check to the Black Hawk Trust, **SCARBOROUGH** opened a bank account in the name of Black Hawk Trust (ending in x1573) at Bank-1 in Maryland, listing herself and her husband as signatories. She deposited the fraudulently obtained $412,187 U.S. Treasury check into the account. Other than $50 cash deposited when the account was opened, the fraudulently obtained U.S. Treasury check was the only deposit made to the Black Hawk Trust account.

16. Between on or about June 30, 2020, and on or about September 30, 2020,

SCARBOROUGH converted the proceeds of the check to her own personal use by, among other things, obtaining a counter check in the amount of $191,974.74, which she sent to the mortgage holder for her personal residence, and paying over $10,140.70 to other personal creditors.

17. On or about July 13, 2020, SCARBOROUGH obtained a $200,000 official check from Bank-1, then deposited the check on or about the same day into a nominee bank account at Bank-2 in Maryland (ending in x8090) held in the name of an entity called "Christian Eagle Rock Ministries," over which SCARBOROUGH had sole signatory authority. The Christian Eagle Rock Ministries account was opened at Bank-2 in October 2019. Other than $500 cash deposited when the account was opened, the official check from Bank-1 was the only deposit made to the account. After depositing the $200,000, SCARBOROUGH converted more than $30,000 of the funds to her own use by paying personal creditors and making cash or check withdrawals.

### SCARBOROUGH's Refusal to Return the Fraudulently Acquired Refund and Attempts to Prevent IRS Collection

18. Because the three Forms 1041 SCARBOROUGH filed and caused to be filed reported taxes due, for which no taxes had been paid over, and in one case generated a refund to which she was not entitled, the IRS initially attempted to collect these funds through its civil collections process. Between in or about July 2020 and in or about November 2022, multiple IRS revenue officers attempted to contact SCARBOROUGH by phone and letter about the returns SCARBOROUGH filed and funds she owed.

19. In response, between in or about October 2020 and in or about February 2022, SCARBOROUGH mailed and faxed false and frivolous materials to the IRS. The frivolous materials included false and fictitious legal documents purporting to "accept" her debt, a so-

called "Declaration of Good Faith Invoking the Docrine [sic] of Clean Hands on All Parties," purporting to relieve her from mistakes based on a claim that she was not a U.S. citizen, and a document purporting to be a money order paying the United States Treasury by "credit" from the Department of the Treasury and a "DEPARTMENT De HACIENDA De PURERTO [sic] RICO. At least one of the IRS notifications warned **SCARBOROUGH** that a filing she made was "frivolous."

20. Despite this, and even after the IRS advised her to withdraw the returns, **SCARBOROUGH** did not make any voluntary payments, attempt to withdraw the returns, or otherwise inform the IRS that the trusts had not actually earned income or had taxes withheld. Nor did **SCARBOROUGH** offer to return the $412,187 refund.

## COUNTS ONE THROUGH THREE
(Aiding and Assisting the Preparation and Presentation of False Tax Returns)

21. The allegations of paragraphs 1 through 19 are realleged and incorporated herein as if set out in full.

22. On or about the approximate dates set forth below, in the District of Maryland, and elsewhere, the defendant,

### KENDRA N. SCARBOROUGH,

did willfully aid and assist in, and procure, counsel, and advise, the preparation and presentation to the IRS of Forms 1041, which the defendant knew were false and fraudulent as to material matters, including, but not limited to, those described below:

| Count | Return | Approximate Date of Filing | False Item(s) |
|---|---|---|---|
| 1 | 2018 Form 1041 for Kendra Nicole Scarborough | December 24, 2019 | Line 1, Interest Income: $595,636<br><br>Line 25e, Federal Income Tax Withheld: $595,636 |

DOJ Tax Division 2025200779

| | | | |
|---|---|---|---|
| 2 | 2018 Form 1041 for Kendra Nicole Scarborough Trust | March 2, 2020 | Line 1, Interest Income: $595,636<br><br>Line 25e, Federal Income Tax Withheld: $595,636 |
| 3 | 2019 Form 1041 for Black Hawk Trust | March 5, 2020 | Line 1, Interest Income: $692,601<br><br>Schedule G, Line 14, Federal Income Tax Withheld: $692,601 |

26 U.S.C. § 7206(2)

## COUNT FOUR
### (Theft of Government Funds)

23. The allegations of paragraphs 1 through 19 are realleged and incorporated herein as if set out in full.

24. On or about June 25, 2020, in the District of Maryland and elsewhere, the defendant,

### KENDRA N. SCARBOROUGH,

did willfully and knowingly embezzle, steal, purloin, and convert to her use, any money of the United States and any department and agency thereof, with an aggregate value that exceeded $1,000, namely, a United States Treasury income tax refund check in the approximate amount of $412,187, to which she was not entitled.

18 U.S.C. § 641

## COUNTS FIVE AND SIX
### (Money Laundering)

25. The allegations in paragraphs 1 through 20 are realleged and incorporated herein by reference.

26. On or about the dates indicated below, in the District of Maryland and elsewhere, the defendant,

7

DOJ Tax Division 2025200779

## KENDRA N. SCARBOROUGH,

knowingly engaged in a monetary transaction affecting interstate commerce, involving property of a value greater than $10,000, as set forth below, such property having been derived from specified unlawful activity, that is, theft of government funds in violation of 18 U.S.C. § 641:

| Count | Date | Amount of Transaction | Description of Transaction |
|---|---|---|---|
| 5 | July 13, 2020 | $200,000.00 | **SCARBOROUGH** obtained a check from Bank-1 for funds from the Bank-1 account for Black Hawk Trust (ending in x1573), which she then endorsed and deposited in the Bank-2 account for Christian Eagle Rock Ministries (ending in x8090); |
| 6 | July 22, 2020 | $191,974.74 | **SCARBOROUGH** obtained a check from Bank-1 for funds from the Bank-1 account for Black Hawk Trust (ending in x1573), which she then endorsed and provided to a third party. |

18 U.S.C. § 1957

## **FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(l)(C), 18 U.S.C. § 982(a)(l), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count Four, Count Five, or Count Six of this Indictment.

2. Upon conviction of the offense set forth in Count Four of this Indictment, the defendant, **KENDRA N. SCARBOROUGH**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations, including, but not limited to, at least $412,187.00 in United States currency.

DOJ Tax Division 2025200779

## Substitute Assets

3. If, as a result of any act or omission of the defendants, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)  
18 U.S.C. § 982(a)(1)  
21 U.S.C. § 853(p)  
28 U.S.C. § 2461(c)

Karen E. Kelly  
Acting Deputy Assistant Attorney General  
for Criminal Matters  
Department of Justice, Tax Division

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson      Date 6/25/25